[No. 7489. Decided October 30, 1908.]

WEST COAST SHINGLE COMPANY, *Appellant*, v. MARKHAM SHINGLE COMPANY, *Respondent*.[1]

SALES — CONTRACTS — RESCISSION. A contract for the sale of shingles to be shipped in car load lots without delay, is mutually rescinded where it appears that the vendor manufacturer wrote asking the vendee not to rely upon it for the shingles because its dry kiln had burned and it could not get cars and it would be impossible to ship for some time, to which the vendee replied expressing sympathy for the loss by fire, and asking that notice be given when in shape to again make shipments.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 23, 1908, in favor of the defendant, after a trial before the court without a jury, dismissing an action on contract. Affirmed.

*J. B. Bridges* (*Hudson & Holt*, of counsel), for appellant.

*W. H. Abel*, for respondent.

HADLEY, C. J.—This is an action to recover damages for an alleged breach of contract to ship shingles. The contract

[1]Reported in 97 Pac. 801.

as alleged was that the plaintiff gave to the defendant its orders for four carloads of extra *A 16″ 6-2 red cedar shingles, at $1.80 per thousand, and for four carloads of the same kind of shingles at $2 per thousand, the shingles to be shipped according to the orders without delay; that the defendant accepted the orders and agreed to make shipments within a few days after acceptance. Breach of the contract is alleged, and the damages are laid at $1,660.70. The answer denies that the plaintiff has been damaged, and alleges that by mutual consent prior to the bringing of the suit, the contract sued upon was rescinded. The cause was tried by the court without a jury, and resulted in a judgment for the defendant dismissing the action. The plaintiff has appealed.

It is assigned that the court erred in making the following finding of fact:

"That on March 15, 1907, by letter, defendant notified plaintiff not to depend upon it for said shingles, and thereby rescinded the said contract, and by letter of March 21, 1907, the defendant acquiesced in said rescission and thereby the said contract was terminated."

The evidence principally consists of a series of letters constituting an extended chain of correspondence. The correspondence is too extensive to set forth or to discuss here in detail. It is sufficient to say that it sustains the finding of the court on the subject of mutual rescission of the contract. On March 15, 1907, the respondent wrote the appellant as follows:

"Gentlemen:—Please do not depend on us for any shingles. So far we were unable to obtain cars, and now our kilns are burned to the extent that it will take many weeks before we can dry any shingles. The fire occurred on the 8th inst., and we are just now concluding the adjustment of our loss with the insurance people."

To that letter appellant answered as follows:

"Gentlemen:—We have your favor of the 15th and are sorry to learn that you have had another fire. You are certainly playing in hard luck, particularly at this time when

the embargo will shortly be lifted and you would have been able to get a good price for some shingles. However, we believe that the price will remain $2 and better for several months, if not for the balance of the year, and if you can get your kilns rebuilt quickly and take advantage of the good market, you can probably soon make up your loss; but of course it is a loss just the same. As soon as you are in shape to again make shipments, trust you will let us hear from you."

We think these two letters taken together constituted a mutual rescission. In view of the positive request in respondent's letter that appellant should not depend upon the former for any shingles, we think the reply to the letter showed an acquiescence in the request, and appellant's letter contained the further simple request that business relations might be resumed at some time in the future. The determination of this question of fact disposes of the case in respondent's favor, and the judgment is therefore affirmed.

RUDKIN, MOUNT, DUNBAR, CROW, and ROOT, JJ., concur.

FULLERTON, J., took no part.